UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOWARD COHAN,

    Plaintiff,

v.                                            Case No:   2:15-cv-61-FtM-38DNF

BONITA RESORT & CLUB ASSOCIATION, INC. and VACATION RESORTS INTERNATIONAL, INC.,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. #8) filed on March 17, 2015. Plaintiff filed a Response in Opposition on March 26, 2015.  (Doc. #10).  The Motion is now ripe for review.

### Background

Plaintiff is an individual who suffers from numerous disabilities, including, but not limited to, spinal stenosis.  (Doc. #1 at 2).  These "qualified disabilities," as classified by the Americans with Disabilities Act ("ADA"), require Plaintiff to use a handicap parking space, a parking access aisle, and a lift for pool and Jacuzzi accessibility.  (Doc. #1 at 2). Defendants are the "lessee, operator, owner, and lessor" of the property at issue, which

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

is located at 26101 Hickory Boulevard, Bonita Springs, Florida 34134 ("the Property" or "Defendants' Property"). (Doc. #1 at 2).

On or about October 22, 2014, Plaintiff visited the Property, but was "denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within [the Property], even though he would be classified as a 'bona fide patron.'" (Doc. #1 at 2). As Plaintiff explains, the Property failed to have 1) "sufficient disabled parking spaces based on the total number of parking spaces available"; 2) "van disabled parking spaces"; 3) a wide-enough, or any, "aisle (striping) between the parking spaces"; 4) "signs for disabled parking"; 5) "painted signs on the ground for disabled parking"; 6) two accessible means of entry into the pool for a person with disabilities; and 7) a gate latch to the pool area that is of suitable height for a person with disabilities. (Doc. #1 at 6-7). Plaintiff avers that these "readily achievable barriers and violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the . . . ADA." (Doc. #1 at 7). As a result, Plaintiff brought the instant action seeking "injunctive and declaratory relief" in the form of a Court order "requiring Defendants to alter [their] facilities to make them accessible to and usable by individuals with disabilities. . . ." (Doc. #1 at 8).

## Discussion

A. *Plaintiff's Complaint States a Cause of Action Upon Which Relief Can Be Granted*

Defendants seek to dismiss Plaintiff's Complaint on the grounds that it fails to "allege sufficient facts to establish that he is entitled to relief, or has standing, to seek injunctive relief." (Doc. #8 at 5). To support this argument, Defendants contend that "Plaintiff's Complaint contains little more than a recitation of the elements delineated by

law pursuant to which one may submit an ADA claim coupled with conclusory allegations regarding Defendants [sic] purported violations of the ADA." (Doc. #8 at 5). For his part, Plaintiff argues that he "has more than adequately alleged that the elements necessary to plead a *prima facie* case of discrimination under the ADA." (Doc. #10 at 4). To that end, Plaintiff believes that his "Complaint fully apprises Defendants of Plaintiff's qualified disability, the [Property] that [is] the subject of this matter[,] and how Defendants have discriminated against Plaintiff." (Doc. #10 at 4).

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh,* 268 F.3d at 1036 n. 16. Thus, "the-defendant-

unlawfully harmed me accusation" is insufficient. *Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

To properly assert a *prima facie* case of discrimination under the ADA, a plaintiff must allege that "(1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against [him] within the meaning of the ADA." *Norkunas v. Seahorse NB, LLC*, 444 F.App'x 412, 416 (11th Cir. 2011) (per curiam) (citing 42 U.S.C. § 12182(a)). In addition, "if the claim alleges discrimination due to an architectural barrier, the plaintiff is also required to [allege] that it is a barrier prohibited by the ADA, removal of which is 'readily achievable.'" *Hoewischer v. Joe's Properties, LLC,* Case No. 3:11-cv-769-J-12MCR, 2012 WL 139319, at *2 (M.D. Fla. Jan. 18, 2012) (internal quotations and citations omitted). Plaintiff's Complaint contains each of these allegations.

First, Plaintiff alleges that he is a disabled individual, as defined by the ADA, because he suffers from numerous disabilities, including "spinal stenosis." This allegation satisfies the first factor. Next, Plaintiff alleges that Defendants are "the lessee, operator, owner, and lessor" of the Property, which is a place of public accommodation. This allegation satisfies the second factor. *See* 42 U.S.C. 12181(7)(L) (defining a place of public accommodation as "an inn, hotel, motel, or other place of lodging"). Plaintiff also alleges Defendants discriminated against him within the meaning of the ADA by having barriers that prevent him from enjoying full and equal access of the Property. This

satisfies the third factor. Finally, Plaintiff alleges that the barriers are prohibited by the ADA and that their removal is "readily achievable." This satisfies the fourth and final factor.

There is no question that Plaintiff's Complaint can best be described as "lean." It is rife with conclusory allegations and lengthy discussions about the ADA in general, lacking many details about the specific action. But when the Court strips away the conclusory allegations and ADA discussion and takes the remaining (*albeit* very limited) factual allegations as true, Plaintiff successfully alleges the factors necessary to plead a *prima facie* case of discrimination under the ADA. And, as a result, plausibly states a claim upon which relief can be granted. Therefore, Defendants' Motion to Dismiss on this basis must be denied.

B.  *Plaintiff Maintains Standing to Bring this Action*

Defendants continue their Motion by arguing, "Plaintiff's action must be dismissed upon a lack of standing." (Doc. #8 at 8-17). In doing so, Defendants make a facial challenge as to subject matter jurisdiction. This "require[s] the [C]ourt merely to look and see if [P]laintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his [C]omplaint are taken as true." McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999) (punctuation omitted). Having done so, the Court finds that Plaintiff sufficiently alleges facts that, at this stage of the litigation, illustrate he maintains standing to bring this action.

It is well established that in order to obtain standing under Article III of the Constitution, a plaintiff must establish three requirements: (1) "'injury-in-fact'"; (2) "'a causal connection between the asserted injury-in-fact and the challenged action of the

defendant'"; and (3) "'that the injury will be redressed by a favorable decision.'" *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013) (quoting *Shotz v. Cates,* 256 F.3d 1077, 1081 (11th Cir. 2001)).  The Court will address each in of these requirements in turn.

1. Injury-In-Fact

The injury-in-fact requirement looks whether the plaintiff alleges that they suffered a "concrete and particularized" injury, rather than a "conjectural or hypothetical" one. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). In the injunctive relief context, the injury-in-fact requirement also mandates that the plaintiff "show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future." *Houston,* 733 F.3d at 1328 (citing *Wooden v. Bd. Of Regents of Univ. Sys. of Ga.,* 247 F.3d 1262, 1284 (11th Cir. 2001)) (internal quotations omitted). In other words, the plaintiff must illustrate "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Id.* at 1329 (citations omitted; emphasis in original). Because injunctive relief is the only form of relief available to plaintiffs suing under Title III of the ADA, Plaintiff must meet this additional "injury-in-fact" requirement. *Id.*

It is close a call whether Plaintiff alleges facts sufficient to satisfy the injury-in-fact requirement. In arguing that Plaintiff does not, Defendants first rely on *Brother v. CPL Investments, Inc.,* 317 F.Supp.2d 1358 (S.D. Fla. 2004), for the proposition that ADA plaintiffs "do not have standing to complaint [sic] about alleged barriers which are not related to their respective disabilities." (Doc. #8 at 9). To this end, Defendants point out that Plaintiff alleges that he has disabilities that result in "a neurological deficit," but fails

6

to specify how this "deficit" relates to the complained-about barriers, such as Defendants' failure to provide van disabled parking spaces. (Doc. #8 at 9-10). Defendants believe this illustrates that Plaintiff fails to allege a concrete and particularized injury.

At this stage of the litigation, however, the Court finds this argument unpersuasive. While Defendants' cited proposition appears to be correct, Defendants fail to provide any argument illustrating that the barriers that Plaintiff complains about are not related to his disabilities. Instead, Defendants simply provide a conclusory, non-substantive argument contending the opposite. But in analyzing this facial attack on Plaintiff's standing, the Court has to take all of the allegations contained in the Complaint as true. And simply concluding that there is no relation between Plaintiff's disabilities and the complained-about barriers, without any substantive argument, is not enough to overcome Plaintiff's allegations that his disabilities and the barriers are related. As such, at this stage in the litigation, the Court finds Plaintiff has sufficiently alleged a "concrete and particularized" injury.[2] See [Foster v. Dead River Causeway, LLC, Case No. 6:14-cv-668-ORL-37KR, 2014 WL 4059899, at *2 (M.D. Fla. Aug. 15, 2014)](#) (finding that conclusory, non-substantive arguments that the plaintiff's disabilities are not related to the complained-about barriers were not enough to overcome the plaintiff's allegations at the motion to dismiss stage).

This, however, does not end the injury-in-fact discussion. Because injunctive relief is the only form of relief available under Title III of the ADA, Plaintiff must also illustrate that he will be affected by Defendants' conduct in the future. Again, Defendants attack

---

[2] The Court notes that this result might very well be different under a factual attack when the Court does not have to take Plaintiff's allegations as true. But Defendants chose to attack Plaintiff's standing in a facial manner, not a factual manner.

Plaintiff's standing in a facial challenge – as opposed to a factual challenge. The Court, therefore, must "evaluate standing based on the facts alleged in the [C]omplaint." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1335 (11th Cir. 2013). The Eleventh Circuit has explained, "[w]hile past wrongs do not in themselves amount to that real and immediate threat of injury necessary to make out a case or controversy, the plaintiff's exposure to illegal conduct in the past is nonetheless evidence bearing on whether there is a real and immediate threat of repeated injury." *Id.* at 1336 (internal citations and quotations omitted). In the ADA context, "a plaintiff seeking an injunction under Title III either must 'have attempted to return' to the non-compliant building or at least 'intend to do so in the future.'" *Id.* (citing *Shotz*, 256 F.3d at 1081).

With this in mind, the Court finds that Plaintiff's Complaint alleges enough facts, when taken as true, to establish that he faces the threat of future injury. In the Complaint, Plaintiff lists the exact date that he visited Defendants' property. (Doc. #1 at 2). He then describes the various barriers that he encountered on Defendants' property that violate the ADA. (Doc. #1 at 6-7). Next, he announces how he "intends to return and enjoy the goods and/or services at [Defendants' Property]," but "is precluded from doing so" because of the existing barrier violations. (Doc. #1 at 6). And finally, he alleges that "[t]o date, the readily achievable barriers and violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA." (Doc. #1 at 7). In other words, Plaintiff has already faced discrimination at Defendants' Property based on his disability; to his knowledge, Defendants have not corrected the discriminating barriers; and, because he intends to return to Defendants'

Property, Plaintiff will continue to face discrimination based on his disability. In the Court's view, this is a sufficient allegation of future injury.

Defendants adamantly insist that the Court factor into its analysis the fact that Plaintiff is a "serial ADA litigant," which illustrates that "any likelihood that Plaintiff will return to [the Property] is implausible." Interestingly, one of the cases Defendants cite in support of their argument, *Hoewischer v. Cedar Bend Club, Inc.*, 877 F.Supp.2d 1212 (M.D. Fla. 2012), reveals why such a consideration would be improper. As our sister court noted, "[m]aking such a finding would necessarily require the Court to weigh the credibility of Plaintiff's Complaint, instead of merely taking the facts in it as true. This is a clear departure from the legal standard requiring the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Hoewischer*, 877 F.Supp.2d at 1217-1218 (citations omitted). Again, there is no question that a factual attack, rather than a facial attack, might alter the Court's analysis. But when confronted by a facial attack, Plaintiff's Complaint contains enough allegations of future injury to survive. *See Houston*, 733 F.3d at 1337; *see also Seco v. NCL (Bahamas), Ltd.*, 588 F.App'x 863, 866 (11th Cir. 2014) (finding "that the plaintiff's allegation that she 'would take another cruise aboard' the defendant's ship 'in the near future' was sufficient to demonstrate standing for injunctive relief under Title III").

Having alleged enough facts, when taken as true, to illustrate a concrete and particularized injury and the threat of future injury, the Court finds Plaintiff satisfies the injury-in-fact requirement.

2. Casual Connection

Defendants also take issue with the second standing requirement, "causal connection." This requirement looks to whether the injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560, 112 S.Ct. at 2136 (internal punctuation and citations omitted). Defendants aver that "Plaintiff has failed to show that any injury was 'fairly traceable' to any of the alleged violations he lists in his Complaint." In support, Defendants rely on a single case – *Shotz*, 256 F.3d 1077. However, the Court is confused as to how *Shotz* supports Defendants' position. There, the Eleventh Circuit found that the plaintiffs did not have Article III standing because they failed to illustrate any threat of future harm. 256 F.3d at 1081-82. In reaching this conclusion, the court never addressed any of the other standing requirements, including casual connection. Having already determined that Plaintiff illustrated the threat of future harm, *Shotz* is inapplicable to the instant action.

Notwithstanding the lack of support for its position, the Court finds Defendants' argument unpersuasive. In the Complaint, Plaintiff alleges that he visited Defendants' property, "but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities." (Doc. #1 at 2). Plaintiff later describes the barriers that led to this denial, and how those barriers violate various ADA provisions. (Doc. #1 at 6-7). When these allegations are taken as true, they illustrate that Plaintiff encountered discrimination on the basis of his disability (his injury) because Defendants' Property contains numerous barriers in violation of the ADA (the causal connection to Plaintiff's injury). Indeed, Defendants' arguments might prove persuasive at a different

stage in the litigation – i.e., when the Court does not have to take Plaintiff's allegations as true.  But at the current stage, the Court finds Plaintiff successfully alleges a causal connection between his injury and Defendants' conduct.

3. Redressability

Defendants' final argument contends that Plaintiff has failed to establish the third standing requirement, "redressability."  This requirement looks to whether it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan, 504 U.S. at 561, 112 S.Ct. at 2136 (internal quotations and citations omitted). Defendants again rely on Shotz, 256 F.3d 1077, contending that Plaintiff fails to satisfy the redressability requirement because he does not illustrate "a real and immediate – as opposed to a merely conjectural or hypothetical – threat of future injury." (Doc. #8 at 11 (quoting Shotz, 256 F.3d at 1081)).  The Court finds Defendants' argument unpersuasive for several reasons.

To begin, Defendants misunderstand the requirements of redressability.  Contrary to Defendants' interpretation, redressability does not require a plaintiff to illustrate a threat of future injury.  That requirement is part of the injury-in-fact analysis, but only when injunctive relief is sought.  See Houston, 733 F.3d at 1329 (noting that injury-in-fact requires "a plaintiff seeking injunctive relief [to] show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future").  Indeed, the Eleventh Circuit illustrated as much in Shotz when it ended its standing analysis at the injury-in-fact requirement because the plaintiffs were unable to illustrate the threat of future harm.  See 256 F.3d at 1082.

11

Redressability, on the other hand, simply asks whether it is likely that the plaintiff's injury will be redressed by a favorable decision.  See *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2136.  And here, it appears that this third and final requirement is satisfied.  Plaintiff's Complaint alleges that Plaintiff faced discrimination, and will continue to face discrimination, when visiting Defendants' Property because there are numerous barriers in place that violate the ADA.  To remedy this discrimination, Plaintiff seeks, among other things, a Court order directing Defendants to comply with the ADA and remove any existing non-ADA-complaint barriers.  Clearly, Plaintiff's injury (being discriminated against) will be redressed by a decision in his favor (ordering Defendants to remove the discriminating barriers).  Therefore, the Court finds that Plaintiff alleges enough facts to satisfy the redressability requirement of standing.

4. Conclusion

Based on the foregoing, the Court finds that Plaintiff sufficiently alleges enough facts that, when taken as true, illustrate he maintains standing to bring this action.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Law (Doc. #8) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 5th day of May, 2015.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record